

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE KASSABJI,

        Plaintiff,

vs.                          CIVIL NO. 05-1125 RB/LFG

NEW MEXICO ANIMAL
CONTROL, STATE OF,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING LIMITED WAIVER OF COSTS AND DISMISSING LAWSUIT WITHOUT PREJUDICE

### Waiver of Filing Fee

Mike Kassabji ("Kassabji") seeks the Court's order authorizing him to proceed with this litigation without payment of costs or fees. Indeed, the *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive filing fees and various court costs. The intent of this statute is to "guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Without providing any specific detail in his affidavit, Kassabji did submit a financial affidavit which states in part, "I am unable to prepay fees and costs in the above-entitled case, [and] make application to proceed as a pauper in accordance with 28 U.S.C. 1915."

Without finding that Kassabji is indigent or that his sworn statement concerning his inability to prepay fees and costs is accurate, the Court will judicially notice its own records. Fed. R. Evid.



201(c); St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979), and presume that he qualifies as a pauper under 28 U.S.C. § 1915, as he has previously been authorized *in forma pauperis* status.[1] The Court therefore authorizes the filing of his complaint without the payment of a filing fee.

## *Sua Sponte* Analysis

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). In response to this congressional concern, federal courts are authorized to dismiss an *in forma pauperis* complaint "if the court determines that ... the action ... is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, federal courts now conduct *sua sponte* reviews of *in forma pauperis* complaints pursuant to this section to determine if the complaint can withstand Fed. R. Civ. P. 12(b)(6) scrutiny. The Court may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1108-09 (10th Cir. 1991).

In reviewing a *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews Kassabji's complaint.

---

[1] Kassabji v. Second Judicial District Court, USDC CIV 03-1252.

2

### Proposed Lawsuit

Kassabji seeks to bring this lawsuit on behalf of the "Public of the State of New Mexico" and the "people of the State of New Mexico." [Notice of Class Action Lawsuit Against Animal Control, p.1]. While it is therefore clear whom he seeks to represent, it is unclear whom he wishes to sue. The caption of the proposed complaint identifies the Defendant as "The State of New Mexico Animal Control." However, the first paragraph of the pleading identifies the Defendants as "Animal Control of Albuquerque, NM, along with any public official, animal fanatic who support their twisted policy, work with them, or lobby to legislate for their crooked acts."

It is unclear at best whether the target defendant is the State of New Mexico or the City of Albuquerque. In addition, while it appears that Kassabji sought to sue many others, including "any public official, animal fanatic who support their twisted, policy, work with them, or lobby to legislate for their crooked acts," it is equally clear that these vague descriptions make it impossible to effect service of process on any particular defendant. Without notice or an opportunity to be heard, Defendants would be denied constitutionally sufficient process.

In addition to these pleading deficiencies, the Court notes that Kassabji is not a licensed attorney. The Court has examined its own records as well as records of sister courts, as authorized, St. Louis Baptist Temple, Inc. v. FDIC, *supra*, at 1172 (10th Cir. 1979), and notes that Kassabji is not licensed to practice law in the State of New Mexico. While a non-lawyer may initiate civil litigation as a *pro se* litigant, he or she may not seek to represent the interests of others. That privilege is reserved to licensed attorneys. Thus, while Kassabji may be privileged to bring a lawsuit in his own name, he may not engage in the unauthorized practice of law by seeking to represent others, such as the "public of the State of New Mexico."

3

Kassabji files this lawsuit in a United States district court, but nothing in his Notice of Class Action Lawsuit indicates what federal constitutional right or federal statute forms the basis of the federal court's jurisdiction. Federal courts are courts of limited jurisdiction. United States ex rel. King v. Hillcrest Health Ctr., Inc., 264 F.3d 1271, 1278 (10th Cir. 2001). Before the Court may entertain a lawsuit, it must satisfy itself that it has a basis under law to act. In this case, Kassabji simply fails to identify any basis for the Court's jurisdiction.

It is quite possible that Kassabji seeks to invoke the provisions of 28 U.S.C. § 1343(a)(3) which establishes federal court jurisdiction "to redress the deprivation under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." Because Kassabji makes references to "People [having been] violated in the privacy of their homes," "[losing] their animals," "illegal seizure," and "false imprisonment a blatant violation of human right[sic]," it is likely that Kassabji intended to bring a 42 U.S.C. § 1983 claim against someone. However, the pleading is so vague and unclear as to be nonsensical. The Court cannot and will not presume a cause of action when none has been stated.

### Conclusion

The Court has an obligation at an early stage of the proceedings, especially on *in forma pauperis* lawsuits brought pursuant to 28 U.S.C. § 1915, to determine whether a plaintiff has stated a cause of action that can withstand scrutiny under 12(b)(6). In this case, for the reasons stated, Kassabji's lawsuit fails to meet the pleading requirements under the Federal Rules of Civil Procedure. No cognizable claim under law has been stated. The Court further concludes that Kassabji's individual claims against any of the Defendants identified in the pleading must be

4

dismissed without prejudice. Kassabji is cautioned that, as a *pro se* litigant, he may file a new lawsuit clearly setting out his individual cause of action. He is not authorized to prosecute a class action unless he is represented by a licensed attorney.

IT IS THEREFORE ORDERED that Kassabji's complaint is hereby dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE